**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5414-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TIEHEEN FLETCHER,

     Defendant-Appellant.

_____

Submitted May 1, 2019 — Decided May 16, 2019

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 97-10-4248.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tieheen Fletcher appeals from a June 30, 2017 order, which denied his second post-conviction relief (PCR) petition. We affirm for the reasons expressed in the thorough and well-reasoned written decision of Judge Mark S. Ali.

We take the following facts from the record. The underlying incident occurred on August 8, 1997. The victim, Gregory Brantley, was standing outside of a building he intended to purchase in Newark, discussing its rehabilitation. An eyewitness observed defendant, a known drug dealer, argue with the victim. The witness saw the victim get into his car, heard several gunshots, and saw defendant walking away with a gun in his hand. The witness heard defendant state he "got his fat ass" and then saw him tuck the gun into his pants. Another eyewitness identified defendant as the man who shot at the victim's car from behind a tree.

A jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); third-degree possession of a weapon without a permit, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). Defendant received a life sentence with a thirty-year parole disqualifier on the murder conviction. The sentencing judge merged the weapons possession convictions and sentenced defendant to a five-year

concurrent term. We affirmed defendant's conviction and sentences. State v. Fletcher, No. A-4398-98 (App. Div. Jan. 9, 2001), slip op. at 28.

Defendant filed his first PCR petition, which the PCR court denied. Defendant appealed and we affirmed in part and remanded in part for the PCR court to consider claims defendant had raised for the first time on appeal. State v. Fletcher, No. A-4155-07 (App. Div. May 21, 2010), slip op. at 32-33. On remand, the PCR court denied defendant's petition. On defendant's second appeal, we affirmed and summarized his claims as follows:

> In this appeal, defendant has not challenged the remand court's decision denying his claims that his PCR counsel was ineffective. Rather, he argues that his trial counsel ineffectively represented him in four ways: by successfully moving to suppress a statement defendant gave to police, abandoning a theory of self-defense, inadequately advising him about his right to testify, and failing to "seek appropriate relief" when hearsay testimony was introduced at trial. In defendant's previous appeal from the denial of his PCR petition, we rejected his arguments that trial counsel was ineffective for moving to suppress his statement and inadequately advising him about his right to testify. As to his new claims, counsel's decision not to pursue a claim of self-defense was a matter of trial strategy that we will not second-guess. . . . Thus, having exercised our discretion to consider this appeal, and having considered defendant's arguments in light of the record and controlling law, we affirm the denial of defendant's PCR petition.

A-5414-16T4

[State v. Fletcher, No. A-5720-11 (App. Div. Oct. 21, 2014), slip op. at 2-3.]

On October 23, 2015, defendant filed a second PCR petition, re-asserting the ineffective assistance of counsel claims he had raised in the first PCR petition, and asserting a claim of ineffective assistance of PCR and appellate counsel for failing to argue his trial counsel was ineffective for failing to notify defendant she would not argue self-defense at trial. Judge Ali denied the petition without an evidentiary hearing.

The judge concluded the second petition, as it related to the claims against both trial and PCR counsel, was time-barred pursuant to Rule 3:22-12(a)(2)(c) because it was not made within one year of the denial of the first PCR petition. Likewise, the judge concluded the claims against appellate PCR counsel were time-barred because they were not made within one year of our decision affirming the denial of the first PCR petition.

Judge Ali also found the petition failed to present a prima facie case for relief on the merits. Specifically, the judge noted the claim of self-defense contradicted defendant's own testimony that he knew nothing about the shooting, and the fact his trial counsel advised him accordingly on five occasions and also in a letter before defendant rejected a plea and proceeded to trial. The

judge also noted the first PCR petition had already adjudicated this claim on its merits. This appeal followed.

Defendant raises the following points:

> POINT I – THE DEFENDANT'S SECOND PCR PETITION SHOULD NOT HAVE BEEN TIME-BARRED.
>
> POINT II – THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF PCR APPELLATE COUNSEL'S INEFFECTIVENESS FOR NOT PURSUING TRIAL COUNSEL'S FAILURE TO ADVISE THE DEFENDANT AS TO ABANDONING SELF-DEFENSE PRIOR TO THE PLEA CUT-OFF DATE.

When the PCR court does not hold an evidentiary hearing, we "conduct a de novo review[.]" State v. Harris, 181 N.J. 391, 421 (2004). To show ineffective assistance of counsel, a defendant must satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668 (1984), adopted in State v. Fritz, 105 N.J. 42 (1987). "The defendant must demonstrate first that counsel's performance was deficient, i.e., that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" State v. Parker, 212 N.J. 269, 279 (2012) (quoting Strickland, 466 U.S. at 687). The defendant must overcome a "strong presumption that counsel rendered reasonable professional assistance." Ibid. Second, "a

A-5414-16T4

defendant must also establish that the ineffectiveness of his attorney prejudiced his defense. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 279-80 (quoting Strickland, 466 U.S. at 694).

A PCR court need not grant an evidentiary hearing unless "a defendant has presented a prima facie [case] in support of post-conviction relief." State v. Marshall, 148 N.J. 89, 158 (1997) (alteration in original) (quoting State v. Precoise, 129 N.J. 451, 462 (1992)). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Ibid. The court must view the facts "in the light most favorable to defendant." Ibid. (quoting R. 3:22-10(b)).

Rule 3:22-4(b)(1) provides that "[a] second or subsequent petition for post-conviction relief shall be dismissed unless: (1) it is timely under [Rule] 3:22-12(a)(2)[.]" In pertinent part, Rule 3:22-12(a)(2) provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> . . . .
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or

6

subsequent application for post-conviction relief is being alleged.

"Neither the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12[.]"  R. 1:3-4(c); see R. 3:22-12(c) (2009); see also In re Rosenthal, 118 N.J. 454, 458 (1990).

Having considered defendant's claims under the aforementioned standards, we affirm for the reasons set forth in Judge Ali's decision.  Defendant simply presented no evidence of a prima facie case of ineffective assistance of appellate PCR counsel, where such a claim was neither sustainable against trial counsel or PCR counsel nor meritorious in its own right.  Moreover, because defendant's claims were untimely under Rule 3:22-12(a)(2), they must be dismissed pursuant to Rule 3:22-4(b)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5414-16T4